M. M. HALL, *Plaintiff in Error,* v. FLORIDA STATE DRAINAGE LAND COMPANY, *Defendant in Error.*

Division B.

Opinion Filed June 11, 1927.

Petition for Rehearing Denied July 14, 1927.

1. The grantee of unsurveyed lands from the State takes subject only to the right of the State, by appropriate survey, to locate the boundaries of the land.

2. In an action of ejectment where there is evidence tending to show that after the plaintiff acquired from the State title to the land sought to be recovered, the defendant without color of title actually entered upon and occupied and cultivated and improved a part of the land in controversy, that such actual occupancy and cultivation continued more than seven years before the action was begun and that such occupancy was under a claim of right adverse to any title that may have been obtained from the State, the jury should be permitted to determine whether the area actually occupied by defendant had been adversely occupied for seven years before action brought; and it is error to direct a verdict for the plaintiff as to the land so actually occupied by the defendant.

A Writ of Error to the Circuit Court for Palm Beach County; C. E. Chillingworth, Judge.

Reversed for new trial.

*Gramling* and *Flowers,* for Plaintiff in Error;

*Bussey & Johnston,* for Defendant in Error.

PER CURIAM.—In an action of ejectment wherein the declaration was filed January 1, 1917, the Court directed a

verdict for the plaintiff on which judgment was rendered, and the defendant took writ of error.

It appears that the land in controversy, *viz*, W. ½ of N. E. ¼ Sec. 2, T. 44 N. R. 35 E. was, in 1907, as unsurveyed swamp and overflowed land, conveyed by the Trustees of the Internal Improvement Fund to the Louisville & Nashville Railroad Company; that on March 12, 1908, the railroad company conveyed it to the Southern States Land & Timber Company; that on July 29, 1908, the latter company conveyed it to R. J. Bolles, who on October 8, 1908, conveyed to the plaintiff below. It also appears that early in March, 1909, the defendant entered upon the land and sought to acquire it from the State as a homestead, thinking it was in the N. E. ¼ of Section 3, T. 44 S. R. 35 E. The State authorities advised him he could not homestead the land, and received nothing from the defendant for the land. After the State Trustees had conveyed title to the land to plaintiff's predecessor in title, the defendant entered upon, occupied and improved and cultivated a small portion of the eighty acres in controversy, and continued such actual occupancy for more than seven years before this action was brought.

The grantee of the State Trustees received title to the unsurveyed land subject only to the right of the State, by appropriate survey, to locate the boundaries of the land. Hardee v. Horton, 90 Fla. 452, 108 South. Rep. 189. The survey made in 1914, showed the land occupied by the defendant to be in Section 2, and not in Section 3, T. 44 S. R. 35 East. Plaintiff had title to the land when it was entered upon and occupied by the defendant.

There is evidence tending to show that after the plaintiff had acquired the title, the defendant early in March, 1909, without color of title, actually entered upon and occupied and cultivated and improved a relatively small part of the

eighty acres in controversy; that such actual occupancy and cultivation continued for more than seven years before this action was begun and that such occupancy was under a claim of right adverse to any title that may have been obtained from the State Trustees. In this state of the evidence the jury should have been permitted to determine whether the area actually occupied by the defendant had been adversely occupied for seven years before suit brought; and it was error to direct a verdict for the plaintiff as to the land actually occupied by the defendant.

Reversed for a new trial.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

STRUM AND BROWN, J. J., AND GRAY, CIRCUIT JUDGE, concur in the opinion.

ELLIS, C. J., disqualified.